THELMA R. JOHNSON, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 43986.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum and as modified affirmed, without costs. Certain finding of fact and conclusion of law disapproved and reversed and new finding and conclusion made. Memorandum: The claimant's expert testified that the fair market value was $31,700, the State's expert placed a value of $21,700 and the court made an award of $28,000, without making findings to indicate how it arrived at this figure. We

said in *Moore* v. *State of New York* (23 A D 2d 525) that the court should set forth its findings with respect to the different factors it considered in arriving at the final award. This would have given us a sounder basis for review. We note that the property was assessed for $6,500 and that the deed shows claimant purchased it in 1948 for approximately $15,000. We reduce the award by utilizing the capitalization approach. In their appraisals by this method of valuation the experts for both sides agreed on the annual gross income of the property but claimant's net income was lower than the State's figure. Claimant valued the land at $8,800 and the State at $3,000; we fix the value at $5,900. By using the claimant's net income of $2,505, her expert's return of 5% in determining the amount of income attributable to land (which seems low to us but is the only figure supported by the record), and the State's capitalization rate of 11.5%, which is reasonable for the property in question, the record supports a value of $25,117. Accordingly, we modify the judgment by reducing the award from $28,000 to $25,117. (Appeal and cross appeal from judgment of Court of Claims in favor of claimant on a claim for permanent appropriation of realty.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.